IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TERRY RICHARD SANFORD, et al.,

    Plaintiffs,

v.                      Civil Action No. 3:08cv835

COMMONWEALTH OF VIRGINIA, et al.,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the Objections to Proffered Amended Complaint and Motion to Sever (Docket Number 42) of Defendants Colonel Willie B. Fuller, Officer Mark Bailey, Officer Ellsworth C. Pryor, Officer Loran B. Carter, Officer Craig L. Branch, and Officer Aaron LaVigne (collectively "the police officer defendants"). The motion, in essence, objects to the filing of the Amended Complaint and, in the alternative, seeks severance of Count 21 of the Amended Complaint. For the reasons set forth below, the Motion to Sever will be denied.

### I. FACTS

The lead Plaintiff, Terry Sanford, is the administrator of the estate of his natural brother, John Sanford. (Am. Compl. at ¶ 2.) The other three Plaintiffs in the action are the mother,

1

Barbara Sanford, and two brothers, James and John Sanford, who have asserted a claim, Count 21, in their individual capacities which also is joined by the lead Plaintiff, Terry Sanford, in his individual capacity. (Id. at ¶¶ 3-5.) John Sanford, who was physically and mentally disabled, died while in the custody of the Medical College of Virginia ("MCV") receiving treatment for some health problems. (Id. at ¶ 1.) It is alleged in the Complaint that various officers of the Virginia Commonwealth University ("VCU") police department contributed to the decedent's demise by handling him roughly.[1] (Id. at ¶¶ 38-40.) Additionally, several doctors and other medical professionals at MCV allegedly mishandled the decedent's medical care, which also contributed to his death, and intubated him despite his outstanding "Do Not Resuscitate" order. (Id. at ¶¶ 30, 48.)

Count 21 is a claim pursued by all four Plaintiffs, in their individual capacities, against two MCV administrators (Jackie Wright and Deborah Bolling) for intentional or negligent infliction of emotional distress. (Id. at ¶¶ 275-276.) This state common law claim alleges that Wright and Bolling prevented the Plaintiffs from seeing Sanford's body for four hours and denied them the ability to determine the true circumstances of

---

[1] MCV is the medical school component of VCU and the police officer defendants are employed by VCU and have jurisdiction on the MCV campus.

2

Sanford's death for eight months. (Id. at ¶¶ 281, 287-88.) This claim is the only claim brought against Wright and Bolling and the only claim brought by the family members as individuals, rather than administrators.

The police officer defendants have objected to the Amended Complaint to the extent that it contains Count 21 and, in the alternative, moved to sever Count 21 from the remainder of the action. (Def. Mem. at 1.) The Court has, however, already granted the Plaintiff's Motion to Amend, so the only remaining issue is the police officers' motion to sever. (See Order issued May 1, 2009 (Docket Number 50).) The police officers allege that Count 21 presents a claim that is factually and legally distinct from the remainder of the Amended Complaint, and therefore should not be joined to it. (Id. at 7.) The Plaintiffs object to severance, arguing that Count 21 arises out of the same series of occurrences and contains common questions of fact with the remainder of the claims against the other Defendants. (Pl. Mem. at 5.)

## II. DISCUSSION

The crux of the police officers' argument is that the behavior of Wright and Bolling in attempting to conceal the circumstances of Sanford's death from the Plaintiffs is totally divorced from the actions of the police officers and medical

professionals that allegedly caused his death. (Def. Mem. at 8.) The police officers are correct that this claim has three primary, and significant, differences from the other twenty-two counts of the Amended Complaint: first, it alleges a harm done to the Plaintiffs as individuals, rather than to them as beneficiaries of Sanford's estate; second, it is the only claim asserted against Bolling and Wright; third, it concerns events taking place after the death of Sanford, rather than contemporaneously with it. (Id. at 8-9.) While reasonable, these arguments do not form a sufficient basis for severance.

Fed. R. Civ. P. 20(a) allows the joinder of parties in a single action if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; [] and any question of law or fact common to all defendants will arise in the action." See also Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001) ("Rule 20(a) permits the joinder of parties if they claim relief "arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action."). Therefore, "the Court must consider two factors in determining whether permissive joinder is proper: (1) whether the claims arise out

4

of the same transaction or series of transactions; and (2) whether there is a common issue of law or fact between the parties." James v. ServiceSource, Inc., 555 F.Supp.2d 628, 633 (E.D.Va. 2008). While reasonably related claims may be tried together, claims against different parties presenting entirely different factual and legal issues may not. See Sykes v. Bayer Pharmaceuticals Corp., 548 F.Supp.2d 208, 218 (E.D.Va. 2008). A court may also deny joinder if that joinder would result in undue prejudice, expense, or delay. See id.

The first issue that must be decided, therefore, is whether the claim in Count 21 arises out of the same transaction or series of transactions as those set forth in the other twenty-two counts. See James, 555 F.Supp.2d at 633. "The same transaction and common question requirements should be liberally construed in the interest of convenience and judicial economy." DIRECTV, Inc. v. Boggess, 300 F.Supp.2d 444, 449 (S.D.W.Va. 2004). For purposes of Rule 20, claims are reasonably related if the plaintiff alleges more than distinct and unrelated acts by unrelated defendants. See id. This requirement is met when the plaintiff alleges that "the defendants acted in concert or that the transactions were closely related." Id. For a series of transactions to be closely related, there must be a logical relationship between them. See Mosley v. General Motors Corp.,

5

497 F.2d 1330, 1333 (8th Cir. 1974) (quoting Moore v. New York Cotton Exchange, 270 U.S. 593, 610 (1926)).

The Plaintiffs in this case have shown that nexus. Wright and Bolling were connected to the other defendants both directly and indirectly. As employees of MCV, they are connected to the other Defendants employed by MCV, which comprise the majority of the defendants in this action. (See Am. Compl. at ¶¶ 6-20); see also Sykes, 548 F.Supp.2d at 218 (different divisions of the same corporation are related defendants). Furthermore, Wright and Bolling were connected to the police officers indirectly, through that same mutual association with MCV and involvement in the Sanford matter. (See Pl. Mem. at 6-7.)

In addition to being related persons, the allegedly tortious actions of Wright and Bolling are connected to those of both the police officers and the MCV defendants. Wright and Bolling allegedly acted to prevent the Plaintiffs from learning the true circumstances of Sanford's death, including the rough handling committed by the police officers and the unauthorized intubation conducted by the MCV defendants. (See id.) The object of this alleged cover up can reasonably assumed to have been to deflect the Plaintiff's suspicion respecting Sanford's death. This allegedly tortious action, therefore, was certainly logically and reasonably related to the incident that caused

6

Sanford's death: it was, allegedly, a fraud committed in order to preserve the secrecy of an earlier wrong committed by other employees of the same employer. Claiming that such an act is inherently divorced from that underlying wrong is unreasonable. Indeed, it would be extraordinarily difficult and wasteful of judicial resources to require a separate trial to assess the conduct of Wright and Bolling because such a trial necessarily would require evidence to get the context of the wrongs allegedly committed by Wright and Bolling.

The police officer defendants' further argument that these events were disconnected in time and, for that reason, were not part of the same transaction or series of transactions is without merit. (Pl. Rep. at 4-5.) By its nature, a series of transaction takes place at discrete times separated by various intervals - the police officers' reading would, in essence, read the word "series" out of Rule 20. See Hanna v. Gravett, 262 F.Supp.2d 643, 647-48 (E.D.Va. 2003) (tort claim against driver for crash and contract claim against insurer for later refusal to cover could be joined).

For joinder to be proper, common questions of fact or law must exist between the parties. See James, 555 F.Supp.2d at 633. The police officers correctly point out that there are some issues of fact that are not common across the parties. (Def.

Rep. at 5-6.) However, there need not be an identity of issues of law or fact so long as *any* common issue exists between the claims. See id. The Plaintiffs allege that Wright and Bolling mislead them as to the nature of Sanford's treatment and his interaction with those who restrained him. (Am. Compl. at ¶¶ 289.) In order for the question of whether or not Wright and Bolling lied to the Plaintiffs about Sanford's treatment to be answered, the jury must be made aware of the true circumstances of that treatment. (Id. at ¶¶ 282-83.) The nature and circumstances of Sanford's death are therefore common questions of fact to both claims as they are currently stated and across all sets of Plaintiffs and Defendants. Therefore, joinder is appropriate under the second part of the Rule 20 test.

Even if these two facets of the Rule 20 test are met, joinder may be inappropriate if joinder will cause prejudice, expense, or delay. See Sykes, 548 F.Supp.2d at 218. The police officer defendants make two arguments respecting this concern: first, that the case is already quite complicated as it is, and the addition of another claim against yet more defendants would further exacerbate that problem; second, that they may suffer prejudice as a result of the joinder. (Def. Mem. at 9.) As to the first argument, while it is certainly true that the instant case is already extensive and will result in a complicated

8

trial, the addition of Count 21 increases that size and complexity only marginally. Furthermore, an even greater expenditure of resources, and correspondingly greater inefficiency, would be created if Count 21 were to be tried separately, as a significant repetition of attorney effort and burden on various witnesses would be necessary, as well as requiring a corresponding increase in the use of court time. Therefore, requiring a separate trial of Count 21 would do violence to the principles of judicial efficiency that underlie Rule 20. See Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n. 5 (4th Cir. 2007)

Finally, the police officers argue that the jury inevitably will be confused by combining the claims against them with the claims against Wright and Bolling, and that this confusion will serve to make judging them fairly impossible. (Id.) It is, however, presumed that the jury will be able to follow the instructions given to it, and that the police officers will therefore not be prejudiced, assuming the presence of correct jury instructions. See United States v. Basham, 561 F.3d 302, 335 n.15 (4th Cir. 2009) (citing Jones v. United States, 527 U.S. 373, 394 (1999)). Furthermore, while Wright and Bolling are certainly connected to the police officers through the events surrounding Sanford's death and their respective

responses to it, they are also readily distinguishable from the police officers, and vice versa, for purposes of identifying their respective culpability at trial. The risk of confusion and prejudice, therefore, is small, and does not outweigh the efficiency gains that will be made through trying Count 21 with the remainder of the Amended Complaint.

### III. CONCLUSION

Based on the foregoing, the police officers' Motion to Sever (Docket Number 42) will be denied.

It is so ORDERED.

/s/ REV
Senior United States District Judge

Richmond, Virginia
Date: June 22, 2009