IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TERRY RICHARD SANFORD,
as Administrator of the
Estate of John Charles Sanford,
deceased, officially, individually,
and as beneficiary, et al.,

    Plaintiffs,

v.                                  Civil Action No. 3:08cv835

THE COMMONWEALTH OF VIRGINIA,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS DEBORAH DAVIS, LEAH WACKSMAN, M.S., R.N., PATRICK G. MAILBERGER, M.D. AND THE COMMONWEALTH OF VIRGINIA'S MOTION TO DISMISS (Docket No. 58). For the reasons set forth below, DEFENDANTS DEBORAH DAVIS, LEAH WACKSMAN, M.S., R.N., PATRICK G. MAILBERGER, M.D. AND THE COMMONWEALTH OF VIRGINIA'S MOTION TO DISMISS (Docket No. 58) will be granted.

### BACKGROUND

The lead Plaintiff, Terry Sanford, is the administrator of the estate of his natural brother, John Sanford. (Am. Compl. at ¶ 2.) John Sanford, who was physically and mentally disabled,

1

died while hospitalized in the Medical College of Virginia ("MCV") following surgery. (Id. at ¶ 1.) Approximately four days after major surgery, Sanford became delirious and difficult to manage. (Id. at ¶ 43.) Hospital staff summoned assistance from the Virginia Commonwealth University ("VCU") police department which dispatched four officers who physically restrained Sanford. It is alleged that the officers placed Sanford in handcuffs, and left him prone on the floor for approximately half an hour. (Id. at ¶ 44.) After that time, Sanford died. (Id. at ¶ 46.) Sanford's death allegedly was caused by a combination of toxically-high doses of sedative, rough handling by police officers and hospital security guards in response to the disturbance caused by Sanford, and inattention by hospital staff after Sanford was restrained by police officers. (Id. at ¶¶ 49-50.) Hospital personnel also, allegedly, intubated Sanford notwithstanding an outstanding "Do Not Resuscitate" order. (Id. at ¶ 48.) Hospital personnel then, allegedly, prevented Sanford's family from examining the body and lied about the circumstances surrounding his death. (Id. at ¶¶ 281, 287-88.)

The Plaintiffs have asserted a large number of claims against a significant number of defendants based on these events. The motion at hand concerns only four of those

2

defendants: Deborah Davis, Leah Wacksman, M.S., R.N., Patrick G. Maiberger, M.D., and the Commonwealth of Virginia. All four of these Defendants were named, and claims presented against them, in the original Complaint filed on December 22, 2008. (Docket Number 1.) The Amended Complaint filed on May 4, 2009, however, does not allege claims against any of those four defendants. All four, therefore, have moved to be dismissed from the action. (Def. Mem. at 1.)

The Plaintiff does not object to the dismissal of Davis, Wacksman or the Commonwealth of Virginia. (Pl. Mem. at 4.) The Plaintiff does, however, object to the dismissal of Maiberger, on the ground he might still have a claim against Mailberger. (Id.) Explaining this somewhat-odd stance requires examining some of the procedural history of the case.

As noted above, one of the claims asserted by the Plaintiff is that Sanford was intubated in an attempt to resuscitate him, notwithstanding a valid, outstanding "Do Not Resuscitate" order. (Am. Compl. at ¶ 48.) Maiberger signed the medical records reflecting the intubation, and therefore was named in the Complaint as the individual responsible. (Pl. Mem. at 2.) Maiberger, however, filed an affidavit denying that he was the individual who intubated Sanford. (Docket Number 13, Ex. A.) Thereafter, on March 24, 2009, the Defendants informed the

3

Plaintiff that a Dr. Calvin T. Wong most likely intubated Sanford, though two other individuals (Janet Killinger and Patrick Michel) might have taken that action. That, of course, confirmed Maiberger's sworn denial. (Docket Number 37.) Thereafter, the Plaintiff filed the Amended Complaint which neither names Mailberger as a defendant nor makes any substantive allegation against him. Nor does the Amended Complaint name any of the other moving defendants or make allegations against them.

Further doubt was cast on the identity of the intubator by the interrogatory answers of Defendant Juwana Brown. (Pl. Mem. at 3.) The text of that interrogatory answer has not been provided, so the exact character of the doubt cannot be determined at this time. The Plaintiff asserts that he has not yet been able to conclusively determine the identity of the intubator, and the Defendants have not provided further guidance.[1] (Id.) In the face of this uncertainty, the Plaintiff states that he does not wish Maiberger to be dismissed from the action. (Id. at 3). The Plaintiff also states that he may have

---

[1] The Plaintiff asserts that this failure to clarify violates the Court's order of March 27, 2009, that compelled the Defendants to identify the intubator. (Docket Number 35). The Defendants appear to have complied with that order to the best of their ability and, in any event, the Plaintiff has not filed an appropriate motion to address any failure or provided sufficient information to demonstrate such a failure conclusively.

other as-yet-unpled claims against Maiberger relating to his negligence in aspects of Sanford's treatment. (Id. at 3-4.)

For the reasons set forth below, the Defendants' motion will be granted and all four moving Defendants will be dismissed from the action.

## DISCUSSION

To begin, it is questionable whether the motion is necessary at all, given that the Amended Complaint neither names any of the movants as a party defendant nor makes mention of them in its text. On that point, it is axiomatic that the Amended Complaint supercedes the Complaint, which alone ought to mean that a defendant not named in the Amended Complaint is no longer in the case. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.")(internal quotations omitted). However, the Plaintiffs' response to the motion, while not objecting to dismissal of the action as to Davis, Wacksman and the Commonwealth of Virginia, takes the rather curious position that Mailberger should remain in the case. This rather unorthodox stance makes it necessary to decide the motion even though none of the movants are named defendants in the Amended Complaint.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. The Court must take all factual allegations made in the complaint as true, and draw all reasonable and favorable inferences from those facts. Eastern Shore Markets, Inc v. JD Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). In order to survive a Rule 12(b)(6) motion, a pleading need not contain "'detailed factual allegations' but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The Fourth Circuit, applying the Twombly standard, has emphasized that the complaint must "allege' enough facts to state a claim for relief that is *plausible* on its face.'" Giarratano, 521 F.3d at 302 (emphasis in original) (quoting Twombly, 127 S.Ct. at 1974). In deciding the motion, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. (quoting Eastern Shore Markets, 213 F.3d at 180).

6

The Amended Complaint plainly states no claims against any of the four moving Defendants under the Twombly/Iqbal standard (or any other standard, for that matter). Indeed, their names do not appear in the Amended Complaint, nor are any factual allegations made against them.

The Plaintiff attempts to analogize his lack of certainty respecting the identity of Sanford's intubator to a lack of facts essential to justify an opposition to a motion for summary judgment. (Pl. Mem. at 4.) The Plaintiff is correct that Fed. R. Civ. P. 56(f) ("Rule 56(f)") provides that:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Based on this rule, the Plaintiff contends that dismissal is not warranted because "Rule 56(f) requires that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." (Pl. Mem. at 6 (quoting Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006)).

That argument fails for the threshold reason that Rule 56 is not in play at this stage of the proceedings. The adequacy

7

of a complaint is measured under Rule 12(b)(6) and the jurisprudence interpreting that rule, not under Rule 56. Indeed, the Plaintiffs' argument would render meaningless Rule 12(b)(6) and the decisions which govern its interpretation.

Where, as here, the operative pleading, the Amended Complaint, does not name a person as a party defendant and does not make any substantive allegations against that person, there is no basis for requiring that person to incur the expense that being a party to an action necessitates. Nor is there any warrant for that person to be considered as a part of the case for any purpose. There is especially important to physicians who must report to insurers and regulatory agencies the fact that they have been named in a malpractice action.[2]

If a plaintiff has a claim against a person or entity, that claim must be asserted in a complaint and the person must be named as a defendant. That is a first principle of pleading. The Amended Complaint fails that rule and it is disingenuous of the Plaintiffs to try to keep Dr. Mailberger in this action.

If the existence of a claim against him should later appear, the rules permit the filing of a motion for leave to amend to assert such a claim. That motion will be governed by

---

[2] Other entities, such as corporations are subject to similar requirements. The rule urged by the Plaintiffs would expose them to the consequences of such reporting requirements.

8

Fed. R. Civ. P. 15 and the decisions which interpret its application.

## CONCLUSION

For the foregoing reasons, DEFENDANTS DEBORAH DAVIS, LEAH WACKSMAN, M.S., R.N., PATRICK G. MAILBERGER, M.D. AND THE COMMONWEALTH OF VIRGINIA'S MOTION TO DISMISS (Docket No. 58) will be granted and the action is dismissed as to all four moving defendants.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 28, 2009