UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

TERRY RICHARD SANFORD,
    Administrator of the Estate of
    John Charles Sanford, Deceased, et al.,

           Plaintiffs,

v.                                Civil Action No.  3:08cv835

OFFICER MARK D. BAILEY, et al.,

           Defendants.

**DEFENDANT SAMMY LANCASTER'S ANSWER
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

COMES NOW, Defendant Sammy Lancaster, by counsel, and for his Answer to

Plaintiffs' Third Amended Complaint states as follows:

**PARTIES**

1.      Defendant Lancaster admits that John Charles Sanford, now deceased, was a

patient at the Medical College of Virginia Hospital ["MCV Hospitals"] on December 24, 2006.

Defendant Lancaster is without information sufficient to form a belief as to the truth of the

allegations of Paragraph 1 of the Third Amended Complaint regarding the decedent's citizenship

or about the contents of Exhibit A and therefore denies those allegations and demands strict

proof thereof.  Defendant admits that a Certificate of Death is attached as Exhibit A.

2.      Defendant Lancaster admits that Terry Richard Sanford qualified as the

Administrator of the Estate of Sanford but is without information sufficient to form a belief as to

the truth of the

remaining allegations of Paragraph 2 of the Third Amended Complaint or about the contents of Exhibit B, and therefore denies those allegations and demands strict proof thereof.  Defendant Lancaster admits that there was an Exhibit B attached to the Third Amended Complaint.

3.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Third Amended Complaint and therefore denies those allegations.

4.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Third Amended Complaint and therefore denies those allegations.

5.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Third Amended Complaint and therefore denies those allegations .

6.      Upon Information and belief, Defendant Lancaster admits, that Officer Bailey, Officer Pryor, Officer Carter, Officer Branch and Officer LaVigne were at the time of the events in question, employees of the VCU Police Department for whom they acted as sworn law enforcement officers.  Defendant Lancaster denies the remaining allegations of Paragraph 6 of the Third Amended Complaint.

7.      Upon Information and belief, Defendant Lancaster admits, that at the time of the events in question, Willie B. Fuller was an employee of the VCU Police Department as the Chief of Police and that R. Shawn Majette is an attorney who has been appointed pursuant to the Order attached to the Third Amended Complaint as Exhibit G.  The remaining allegations call for legal conclusions  to which no response is required.  To the extent a response is required, Defendant Lancaster, denies the remaining allegations of Paragraph 7 of the Third Amended Complaint.

8.      Defendant Lancaster admits that at the time of the events in question, he was an individual and employee of MCV Hospital where he was employed as a security guard. The allegation as to whether Sammy Lancaster is an "agent" of the Commonwealth calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant Lancaster, denies the remaining allegations of Paragraph 8 of the Third Amended Complaint.

9.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Third Amended Complaint and therefore denies those allegations.

10.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Third Amended Complaint and therefore denies those allegations.

11.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Third Amended Complaint and therefore denies those allegations.

12.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Third Amended Complaint and therefore denies those allegations.

13.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Third Amended Complaint and therefore denies those allegations.

14.      Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Third Amended Complaint and therefore denies those allegations.

15.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Third Amended Complaint and therefore denies those allegations.

16.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Third Amended Complaint and therefore denies those allegations.

17.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Third Amended Complaint and therefore denies those allegations.

**JURISDICTION AND VENUE**

18.     Defendant Lancaster admits that this Court has original subject matter jurisdiction over the claims brought pursuant to 42 U.S.C. § 1983.  Defendant Lancaster denies the remaining allegations of Paragraph 18 of the Third Amended Complaint.

19.     Defendant Lancaster admits that a federal court may exercise supplemental or pendant jurisdiction over certain state claims that form part of the same case or controversy as the federal law claims.  Defendant Lancaster denies the remaining allegations of Paragraph 19 of the Third Amended Complaint.

20.     Defendant Lancaster admits that venue is proper in this district.

**FACTS**

21.     Defendant Lancaster admits that Mr. Sanford was admitted to MCV Hospitals on December 20, 2006, as a patient.  Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Third Amended Complaint and therefore denies those allegations.

22.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Third Amended Complaint and therefore denies those allegations.

23.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 23 or Exhibit C of the Third Amended Complaint and therefore denies those allegations.

24.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 24 or Exhibit D of the Third Amended Complaint and therefore denies those allegations.

25.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Third Amended Complaint and therefore denies those allegations.

26.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Third Amended Complaint and therefore denies those allegations.

27.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Third Amended Complaint and therefore denies those allegations.

28.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Third Amended Complaint and therefore denies those allegations.

29.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Third Amended Complaint and therefore denies those allegations.

30.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Third Amended Complaint and therefore denies those allegations.

31.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Third Amended Complaint and therefore denies those allegations.

32.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Third Amended Complaint and therefore denies those allegations.

33.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Third Amended Complaint and therefore denies those allegations.

34.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Third Amended Complaint and therefore denies those allegations.

35.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Third Amended Complaint and therefore denies those allegations.

36.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Third Amended Complaint and therefore denies those allegations.

37.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Third Amended Complaint and therefore denies those allegations.

38.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Third Amended Complaint and therefore denies those allegations.

39.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Third Amended Complaint and therefore denies those allegations.

40.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Third Amended Complaint and therefore denies those allegations.

41.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Third Amended Complaint and therefore denies those allegations.

42.     Upon information and belief, Defendant Lancaster admits that the VCU Police Department was contacted in the early morning hours of December 24, 2006 to provide assistance in dealing with a "combative" patient at MCV Hospital.  Defendant Lancaster is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the Third Amended Complaint and therefore denies those allegations.

43.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Third Amended Complaint and therefore denies those allegations.

44.    Defendant Lancaster admits that Sanford was restrained and handcuffed on the hospital room floor for a period of time.  Defendant Lancaster denies the remaining allegations of Paragraph 44 of the Third Amended Complaint.

45.    Defendant Lancaster denies any allegations directed against him.  Defendant Lancaster is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the Third Amended Complaint and therefore denies those allegations.

46.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Third Amended Complaint and therefore denies those allegations.

47.    Defendant Lancaster denies the allegations of Paragraph 47 of the Third Amended Complaint.

48.    Defendant Lancaster denies the allegations of Paragraph 48 of the Third Amended Complaint.

49.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Third Amended Complaint and therefore denies those allegations.

50.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Third Amended Complaint and therefore denies those allegations.

51.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Third Amended Complaint and therefore denies those allegations.

52.     Defendant Lancaster admits that at at a certain point in time on the morning of December 24, 2006, that resuscitative efforts were made, without success.  Defendant Lancaster denies the remaining allegations of Paragraph 52 of the Third Amended Complaint.

53.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Third Amended Complaint and therefore denies those allegations.

54.     Defendant Lancaster denies that Sanford died as a direct and proximate result of his conduct.  Defendant Lancaster is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 of the Third Amended Complaint and therefore denies those allegations.

55.     Defendant Lancaster denies that Sanford died as a direct and proximate result of his conduct.  Defendant Lancaster is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 of the Third Amended Complaint and therefore denies those allegations.

56.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Third Amended Complaint and therefore denies those allegations.

57.     Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Third Amended Complaint and therefore denies those allegations.

58.    Defendant Lancaster denies that Sanford died as a direct and proximate result of his conduct.  Defendant Lancaster is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Third Amended Complaint and therefore denies those allegations.

59.    Defendant Lancaster is without information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Third Amended Complaint and therefore denies those allegations.

60.    No response is required to Paragraph 60 of the Complaint, as it contains Plaintiffs' definitions. To the extent that any response is required, the allegations of Paragraph 60 of the Third Amended Complaint are denied.

## CIVIL RIGHTS VIOLATIONS (COUNTS 1 TO 7)

### COMMON ALLEGATIONS

61.    Defendant Lancaster denies the allegations contained in Paragraph 61 of the Third Amended Complaint.

### COUNT 1

62.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 61 of the Third Amended Complaint as if fully set forth herein.

63.    Defendant Lancaster denies the allegations of Paragraph 63 of the Third Amended Complaint.

64.    Defendant Lancaster denies the allegations of Paragraph 64 of the Third Amended Complaint.

65.    Defendant Lancaster denies the allegations of Paragraph 65 of the Third Amended Complaint.

66.     Defendant Lancaster denies the allegations of Paragraph 66 of the Third Amended Complaint.

## COUNT 2

67.     Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 66 of the Third Amended Complaint as if fully set forth herein.

68.     Defendant Lancaster denies the allegations of Paragraph 68 of the Third Amended Complaint.

69.     Defendant Lancaster denies the allegations of Paragraph 69 of the Third Amended Complaint.

70.     Defendant Lancaster denies the allegations of Paragraph 70 of the Third Amended Complaint.

71.     Defendant Lancaster denies the allegations of Paragraph 71 of the Third Amended Complaint.

## COUNT 3

72.     Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 71 of the Third Amended Complaint as if fully set forth herein.

73.     Defendant Lancaster avers that no is response is required to Paragraph 73 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

74.     Defendant Lancaster avers that no is response is required to Paragraph 74 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

75.    Defendant Lancaster avers that no is response is required to Paragraph 75 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

76.    Defendant Lancaster denies that a special relationship existed as alleged in Paragraph 76 of the Third Amended Complaint.  Specifically, Defendant Lancaster denies that he violated Mr. Sanford's constitutional rights and/or caused him hard or contributed to his death.  Defendant Lancaster denies any remaining allegations.

77.    Defendant Lancaster avers that no is response is required to Paragraph 77 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

78.    Defendant Lancaster avers that no is response is required to Paragraph 78 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

79.    Defendant Lancaster avers that no is response is required to Paragraph 79 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

80.    Defendant Lancaster avers that no is response is required to Paragraph 80 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

81.    Defendant Lancaster denies the allegations of Paragraph 81 of the Third Amended Complaint.

82.    Defendant Lancaster denies the allegations of Paragraph 82 of the Third Amended Complaint.

COUNT 4

83. Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 82 of the Third Amended Complaint as if fully set forth herein.

84. Defendant Lancaster avers that no is response is required to Paragraph 84 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions. To the extent that a response is required, Defendant Lancaster denies the allegations.

85. Defendant Lancaster avers that no is response is required to Paragraph 85 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions. To the extent that a response is required, Defendant Lancaster denies the allegations.

86. Defendant Lancaster avers that no is response is required to Paragraph 86 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions. To the extent that a response is required, Defendant Lancaster denies the allegations.

87. Defendant Lancaster avers that no is response is required to Paragraph 87 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions. To the extent that a response is required, Defendant Lancaster denies the allegations.

88. Defendant Lancaster avers that no is response is required to Paragraph 88 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions. To the extent that a response is required, Defendant Lancaster denies the allegations.

89. Defendant Lancaster avers that no is response is required to Paragraph 89 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions. To the extent that a response is required, Defendant Lancaster denies the allegations.

90. Defendant Lancaster denies the allegations of Paragraph 90 of the Third Amended Complaint.

91.     The allegations in Paragraph 91 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

92.     The allegations in Paragraph 92 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

93.     The allegations in Paragraph 93 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

94.     Defendant Lancaster avers that no is response is required to Paragraph 94 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

95.     Defendant Lancaster denies the allegations of Paragraph 95 of the Third Amended Complaint.

COUNT 5

96.     Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 95 of the Third Amended Complaint as if fully set forth herein.

97.     Defendant Lancaster avers that no is response is required to Paragraph 97 of the Third Amended Complaint as it contains Plaintiff's Legal Conclusions.  To the extent that a response is required, Defendant Lancaster denies the allegations.

98.     Defendant Lancaster denies the allegations of Paragraph 98 of the Third Amended Complaint.

99.    Defendant Lancaster denies the allegations of Paragraph 99 of the Third Amended Complaint.

100.    Defendant Lancaster denies the allegations of Paragraph 100 of the Third Amended Complaint.

101.    Defendant Lancaster denies the allegations of Paragraph 101 of the Third Amended Complaint.

<u>COUNT 6</u>

102.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 101 of the Third Amended Complaint as if fully set forth herein.

103.    The allegations in Paragraph 103 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

104    The allegations in Paragraph 104 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

105.    The allegations in Paragraph 105 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

106.    The allegations in Paragraph 106 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

107.    The allegations in Paragraph 107 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

COUNT 7

108.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 107 of the Third Amended Complaint as if fully set forth herein.

109.    The allegations in Paragraph 109 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

110    The allegations in Paragraph 110 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

111.    The allegations in Paragraph 111 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

112.    The allegations in Paragraph 112 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

**TORTIOUS MISCONDUCT**
**COMMON ALLEGATIONS**

113.    Defendant Lancaster denies the allegations of Paragraph 113 of the Third Amended Complaint.

114.    Defendant Lancaster denies the allegations of Paragraph 114 of the Third Amended Complaint.

## COUNT 8
### GROSS NEGLIGENCE

115.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 114 of the Third Amended Complaint as if fully set forth herein.

116.    The allegations in Paragraph 116 of the Third Amended Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendant Lancaster denies the allegations.

117.    Defendant Lancaster denies the allegations of Paragraph 117 of the Third Amended Complaint.

118.    Defendant Lancaster denies the allegations of Paragraph 118 of the Third Amended Complaint.

119.    Defendant Lancaster denies the allegations of Paragraph 119 of the Third Amended Complaint.

120.    Defendant Lancaster denies the allegations of Paragraph 120 of the Third Amended Complaint.

121.    Defendant Lancaster denies the allegations of Paragraph 121 of the Third Amended Complaint.

### COUNT 9

122.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 121 of the Third Amended Complaint as if fully set forth herein.

123.    Defendant Lancaster denies the allegations of Paragraph 123 of the Third Amended Complaint.

COUNT 10

124.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 123 of the Third Amended Complaint as if fully set forth herein.

125.    Defendant Lancaster denies the allegations of Paragraph 125 of the Third Amended Complaint.

COUNT 11

126.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 125 of the Third Amended Complaint as if fully set forth herein.

127.    Defendant Lancaster denies the allegations of Paragraph 127 of the Third Amended Complaint

COUNT 12

128.    Defendant Lancaster hereby incorporates his answers to Paragraphs 1 through 127 of the Third Amended Complaint as if fully set forth herein.

129.    The allegations in Paragraph 129 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

130     The allegations in Paragraph 130 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

131.    The allegations in Paragraph 131 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

132.    The allegations in Paragraph 132 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

133.    The allegations in Paragraph 133 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

134    The allegations in Paragraph 134 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

135.    The allegations in Paragraph 135 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

136.    The allegations in Paragraph 136 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

137.    The allegations in Paragraph 137f the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

138    The allegations in Paragraph 138 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

139.    The allegations in Paragraph 139 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

140.    The allegations in Paragraph 140 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

141.    The allegations in Paragraph 141 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations

142.    The allegations in Paragraph 142 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

143.    The allegations in Paragraph 143 of the Third Amended Complaint do not pertain to Defendant Lancaster and therefore requires no response.  To the extent that a response is required, Defendant Lancaster denies the allegations.

### Common Averments

144.    Defendant Lancaster denies the allegations of Paragraph 144 of the Third Amended Complaint.

145.    Defendant Lancaster denies the allegations of Paragraph 145 of the Third Amended Complaint.

146.    Defendant Lancaster denies the allegations of Paragraph 146 of the Third Amended Complaint.

147.    Defendant Lancaster denies the allegations of Paragraph 147 of the Third Amended Complaint.

148.    Defendant Lancaster denies the allegations of Paragraph 148 of the Third Amended Complaint.

**AFFIRMATIVE DEFENSES**

1.    Defendant Lancaster is protected by the doctrine of qualified immunity.

2.    Defendant Lancaster is protected by the doctrine of good faith immunity.

3.    Defendant Lancaster is protected by the doctrine of sovereign immunity.

4.    Defendant Lancaster intends to rely upon the defenses of necessity, self defense, defense of others, and that he had the consent of the decedent with respect to any touching, intended or otherwise of the decedent.

5.    Defendant denies that punitive damages can be awarded against him in this lawsuit and under the facts as alleged.

6.    Some of Plaintiffs claims are barred by the applicable statute of limitations.

7.    Defendant Lancaster acted lawfully, with legal justification and in good faith at all times reference in the Third Amended Complaint.

8.    Defendant Lancaster states that any and all actions taken by him were performed pursuant to legal obligations that required and/or permitted him to act as a security officer and to carry out his duties as such.  All actions taken were with probable cause, and were reasonable necessary, justified and/or excusable under the circumstances.

9.    Plaintiff's decedent was contributory negligent.

10.    Plaintiff's decedent assumed the risk of his injuries and or death.

**TRIAL BY JURY IS DEMANDED**

**SAMMY LANCASTER**

/s/  Jimmy F. Robinson, Jr.
Jimmy F. Robinson, Jr. (VSB No. 43622)
jimmy.robinson@troutmansanders.com
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia  23218-1122
Telephone:    (804) 697-1211
Facsimile:    (804) 698-6029
*Counsel for Sammy Lancaster*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| David P. Corrigan, Esquire<br>dcorrigan@hccw.com<br>Jeremy B. Capps, Esquire<br>jcapps@hccw.com<br>HARMON CLAYTOR CORRIGAN WELLMAN<br>P.O. Box 70280<br>Richmond, Virginia  23255<br>*Counsel for Defendant Bailey* | Jeff W. Rosen, Esquire<br>jrosen@pendercoward.com<br>PENDER AND COWARD<br>222 Central Park Avenue, Suite 400<br>Virginia Beach, Virginia  23462<br>*Counsel for Defendant Majette as Guardian of the Person for Col. Willie B. Fuller(incompetent)* |
| William D. Bayliss, Esquire<br>bbayliss@williamsmullen.com<br>Brendan D. O'Toole, Esquire<br>botoole@williamsmullen.com<br>WILLIAMS MULLEN<br>1021 East Cary Street, 17th Floor<br>P.O. Box 1320<br>Richmond, Virginia  23218<br>*Counsel for Defendants Crosby, Grob and Maiberger* | Sean M. Golden, Esquire<br>sgolden@vanblk.com<br>Mark S. Brennan, Sr., Esquire<br>mbrennan@vanblk.com<br>VANDEVENTER BLACK<br>Eighth & Main Building<br>707 East Main Street, Suite 1700<br>P.O. Box 1558<br>Richmond, Virginia  23218-1558<br>*Counsel for Defendants Brown, Ferguson, Koo, Magdaug and MCV Associated Physicians* |
| Michael Ward, Esquire<br>mward@morrismorris.com<br>Grant E. Kronenberg, Esquire<br>gronenberg@morrismorris.com<br>MORRIS & MORRIS<br>P.O. Box 30<br>Richmond, Virginia  23218<br>*Counsel for Defendant Branch* | William F. Etherington, Esquire<br>wetherington@bealelaw.com<br>Leslie A. Winneberger, Esquire<br>lwinneberger@bealelaw.com<br>BEALE, DAVIDSON, ETHERINGTON & MORRIS, PC<br>701 East Franklin Street, Suite 1200<br>Richmond, Virginia  23219<br>*Counsel for Defendants Lavigne, Prior and Carter* |

| | |
|---|---|
| Rodney K. Adams, Esquire<br>rodney.adams@leclairryan.com<br>Tracy Taylor Hague, Esquire<br>tracy.hague@leclairryan.com<br>Ashley C. Dobbin, Esquire<br>ashley.dobbin@leclairryan.com<br>LECLAIR RYAN, PC<br>Riverfront Plaza, East Tower<br>951 East Byrd Street, 8th Floor<br>Richmond, Virginia 23219<br>*Counsel for Ahmed S. A. Meguid, M.D.* | Richard C. Ferris, II, Esquire<br>ferrisandferris@comcast.net<br>Stephen J. McKinney, Esquire<br>sjmckinney@ferrisandferris.com<br>LAW OFFICES OF FERRIS & FERRIS<br>10321 Memory Lane<br>P.O. Box 294<br>Chesterfield, Virginia 23832<br>*Counsel for Plaintiffs* |
| Charles M. Allen, Esquire<br>callen@goodmanallen.com<br>Grace M. Brumagin, Esquire<br>gbrumagin@goodmanallen.com<br>William f. Demarest, III, Esquire<br>wdemarest@goodmanallen.com<br>GOODMAN, ALLEN, AND FILETTI, PLLC<br>4501 Highwoods Parkway, Suite 210<br>Glen Allen, Virginia 23060<br>*Former Counsel for Defendants Meguid, Grob, Maiberger, Lancaster, MCV Associated Physicians, Brown, Ferguson, Magdaug and Crosby* | John A. Gibney, Jr., Esquire<br>jgibney@t-mlaw.com<br>William D. Prince, IV, Esquire<br>wprince@t-mlaw.com<br>THOMPSON MCMULLAN, P.C.<br>100 Shockoe Slip<br>Richmond, Virginia 23218<br>*Former Counsel for Defendants Fuller, Lavigne, Branch, Pryor, Carter, and Bailey* |

/s/ Jimmy F. Robinson, Jr.
Jimmy F. Robinson, Jr. (VSB No. 43622)
jimmy.robinson@troutmansanders.com
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone:    (804) 697-1211
Facsimile:    (804) 698-6029
*Counsel for Sammy Lancaster*

C:\Documents and Settings\robinsjf\My Documents\Lancater Answer to Plaintiffs' Third Amended Complaint.doc